UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SF HOOKAH PALACE INC., et al.,<br><br>    Defendants. | Case No. 22-cv-07100-JSW<br><br>**ORDER ADOPTING, IN PART, REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT IN PART**<br><br>Re: Dkt. Nos. 21, 23 |

This matter comes before the Court upon consideration of the report and recommendation on Plaintiff's motion for default judgment issued by Magistrate Judge Van Keulen (the "Report"), in which she recommends granting the motion in part. Plaintiff did not file objections. Defendants still have not appeared in this action. The Court has considered the Report, Plaintiff's motion, and the record in this case. For the reasons that follow, the Court adopts the Report in part.

The Court ADOPTS the Report's analysis and conclusions on subject matter jurisdiction, personal jurisdiction, and service of process.

The Court also ADOPTS, IN PART, the Report's analysis and conclusions on the *Eitel* factors. Plaintiff's Complaint consists of boilerplate and conclusory allegations that are identical, or nearly identical, to other complaints Plaintiff has filed in this District.[1] The Court ADOPTS the Report's analysis that the allegations are sufficient, albeit barely, to allege SF Hookah Palace, Inc.

---

[1] *Compare* Dkt. No. 1 *with, e.g., GS Holistic, LLC v. Xotic Smokes, Inc.*, No. 22-cv-07628-JSW, Dkt. No. 1; *see also GS Holistic, LLC v. The Fatty Zone*, No. 22-cv-07098-JD, Dkt. No. 29, Order re Default Judgment at 1:22-26 (N.D. Cal. Nov. 20, 2023) (noting plaintiff uses "a cut-and-paste approach to pleadings" and that allegations were "word-for-word, essentially identical to" a prior complaint filed against a different defendant).

is liable for trademark infringement and false designation of origin based on the single product its investigator purchased. Because Plaintiff did not allege facts to show that product bore all three marks, the Court also ADOPTS the Report's conclusion that Plaintiff has shown infringement of one of its three marks.

However, the Court departs from the conclusion that default judgment should be entered against Mr. Asfour. Plaintiff alleges Mr. Asfour "authorized, directed, and/or participated in" SF Hookah Palace's conduct and alleges he was a "moving, active, and/or conscious force" behind SF Hookah Palace, Inc.'s actions. Those are legal conclusions devoid of any factual support, and the Court concludes they are not sufficient to satisfy the second and third *Eitel* factors. *See, e.g., GS Holistic LLC v. Ashes Plus Nine,* No. 22-cv-7101-YGR-LJC, 2023 WL 5993055, at *4-6 (N.D. Cal. Aug. 25, 2023), *report and recommendation adopted* 2023 WL 6932565 (N.D. Cal. Sept. 21, 2023) (finding similar allegations insufficient to support second and third *Eitel* factors).

Finally, the Court ADOPTS the conclusions and analysis on the amount of statutory damages to award Plaintiff under 15 U.S.C. section 1171(c)(1), that costs are appropriate, and that the request for injunctive relief should be denied.[2]

Accordingly, the Court GRANTS Plaintiff's motion for default judgment against SF Hookah Palace, Inc. and awards Plaintiff $5,000 in statutory damages and $532.00 in costs. The Court DENIES, WITHOUT PRJUDICE, Plaintiff's motion for a judgment against Mr. Asfour. Plaintiff may renew the motion as to Mr. Asfour, if it can support that motion with additional facts that would support a finding that he should be held individually liable for the actions of the corporate defendant.

//
//
//
//
//

---

[2] The Court finds that Plaintiff's allegations of willfulness are conclusions unsupported by facts and would not support increased damages under 15 U.S.C. section 1117(c)(2).

If Plaintiff fails to file a renewed motion by April 22, 2024, the Court will close the case and enter final judgment.

**IT IS SO ORDERED**.

Dated: March 22, 2024

_____
JEFFREY S. WHITE
United States District Judge