UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SF HOOKAH PALACE INC., et al.,<br><br>Defendants. | Case No. 22-cv-07100-JSW<br><br>**ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S RENEWED MOTION FOR DEFAULT FINAL JUDGMENT AGAINST IZZAT ASFOUR**<br><br>Re: Dkt. No. 26 |

Now before the Court is the renewed motion for default judgment filed by Plaintiff GS Holistic, LLC against Defendant Izzat Asfour. Having carefully considered Plaintiff's papers, relevant legal authority, and the record in this case, the Court HEREBY DENIES, WITHOUT PREJUDICE, Plaintiff's renewed motion.[1] Plaintiff may renew its motion only if it can buttress that motion with new, specific factual allegations that would support the conclusion that Mr. Asfour should be held personally liable for the actions of the corporate defendant.

## BACKGROUND

On March 22, 2024, the Court adopted, in part, a report and recommendation on Plaintiff's first motion for default judgment. Although it found that Plaintiff was entitled to default judgment against the corporate defendant, the Court denied default judgment as to Mr. Asfour. (Order Adopting, in Part, Report and Recommendation on Plaintiff's Motion for Default Judgment

---

[1] Plaintiff cites several district court cases to support the motion but erroneously refers to the Ninth Circuit in the "court and date" parenthetical following the citation. (*See, e.g.,* Mot. at 10:2-14.)

1  ("Order on Report") at 2:8-9.)  The Court found Plaintiff's allegations as to Mr. Asfour's specific,

2  infringing conduct were legal conclusions without factual support.  (*Id.* at 2:5-9.)

3       In its renewed motion, Plaintiff again seeks to hold Mr. Asfour liable for: (i) willful

4  trademark infringement in violation of 15 U.S.C. section 1114; (ii) trademark counterfeiting in

5  violation of 15 U.S.C. section 1116(d); and (iii) willful trademark infringement (false designation

6  of origin) in violation of 15 U.S.C. section 1125(a).  To date, Mr. Asfour has not appeared in this

7  action.

8                                 **ANALYSIS**

9  **A.**    **Legal Standard on a Motion for Default Judgment.**

10       To determine if the motion for default judgment should be granted, the Court considers the

11  following *Eitel* factors:

12-15  
> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

16  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted).  In analyzing these

17  factors, courts accept as true all "well-pleaded factual allegations" regarding liability, except those

18  concerning damages.  *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

19  "However, necessary facts not contained in the pleadings, and claims which are legally

20  insufficient, are not established by default."  *Id.*  "[A] defendant is not held to admit facts that are

21  not well-pleaded or to admit conclusions of law."  *DIRECTV, Inc. v. Hoa Huynh*, 503 F. 3d 847,

22  854 (9th Cir. 2007) (internal quotation marks and citation omitted).

23      **1.**    **Jurisdiction and Service.**

24       A court considering a motion for default judgment must confirm it has subject matter

25  jurisdiction over the case, personal jurisdiction over the parties, and that the defendant has been

26  adequately served.  *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  The Court previously adopted

27  the Magistrate Judge's analysis and conclusions that the Court has subject matter jurisdiction,

28  personal jurisdiction over Mr. Asfour, and that Mr. Asfour was properly served.  (Order on Report

United States District Court
Northern District of California

at 1:19-20.)

### 2. The *Eitel* Factors Weigh in Favor of Denying Default Judgment.

#### a. The Possibility of Prejudice to Plaintiff.

The first *Eitel* factor evaluates the possibility of prejudice to Plaintiff if the Court does not grant default judgment. Courts ask whether a plaintiff will have an alternative remedy if defendants have failed to appear or otherwise defend the action against them. *Eitel*, 782 F.2d, 1471. Here, Plaintiff argues that "[w]ithout the entry of default judgment, the Defendants will have escaped liability simply by not showing up." (Dkt. No. 26, Renewed Motion for Default Judgment ("Mot."), at 12:19-20.) Because Mr. Asfour has still not appeared, Plaintiff is unlikely to obtain relief against him without entry of default judgment. This factor weighs in favor of granting the motion.

#### b. The Merits of Plaintiff's Substantive Claims and the Sufficiency of Its Complaint.

The second and third *Eitel* factors evaluate the merits of Plaintiff's substantive claim and the sufficiency of its complaint. "Because the second and third factors are so closely related, the Court examines them together." *Elec. Frontier Found. v. Glob. Equity Mgmt. (SA) Pty Ltd.*, 290 F. Supp. 3d 923, 941 (N.D. Cal. 2017). In analyzing these factors, a defendant is held to admit all well-pleaded factual allegations, but not legal conclusions. *DIRECTV*, 503 F.3d at 854.

In its renewed motion for default judgment against Mr. Asfour, Plaintiff fails to demonstrate individual liability. Plaintiff now contends that Mr. Asfour is individually liable because Mr. Asfour is the registered agent, sole shareholder, sole officer, and sole director of SF Hookah Palace, Inc. The California Secretary of State Statement of Information Corporation lists Mr. Asfour's positions as the corporation's "Chief Executive Officer, Secretary, Chief Financial Officer." (Mot., Ex. C at 2. )[2] These two facts are the only new facts offered by Plaintiff in support of its assertion that Mr. Asfour should be held individually liable and are not sufficient.

It is true that a "corporate officer or director is, in general, personally liable for all torts

---

[2] Plaintiff did not file a declaration to authenticate the exhibits. Exhibit C is located at Docket No. 26-6.

which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf." *Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1069 (9th Cir. 2016) (internal quotations and citation omitted). In this Circuit, however, "personal liability on the part of corporate officers has typically involved instances where the defendant was the 'guiding spirit' behind the wrongful conduct, or the 'central figure' in the challenged corporate activity." *Id.* at 1069 (quoting *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 523 n.10 (9th Cir. 1989)) (internal quotation marks and ellipsis omitted). In *Facebook*, for example, the Ninth Circuit held an individual defendant personally liable for tortious conduct because he "controlled and directed" the relevant corporate actions, because he "admitted" that the tortious conduct was his idea, and because it was "undisputed" that he was "the guiding spirit and central figure" of the infringing actions. *Id.* In another case, the Ninth Circuit found individual defendants personally liable where they personally formed a corporation that used an infringing name and where one defendant misleadingly testified at a United States Air Force hearing under the infringing name. *Comm. for Idaho's High Desert, Inc v. Yost*, 92 F.3d 814, 823 (9th Cir. 1996).

    Here, Mr. Asfour's status as corporate officer, even sole corporate officer, is not sufficient to allege personal liability without more specific facts about Mr. Asfour's conduct. "The fact that [Mr. Asfour] is an owner, officer or managing agent of [SF Hookah Palace], standing alone, does not make [him] liable for the wrongful conduct of the corporation because the case law requires active, guiding participation." *Deckers Outdoor Corp. v. Fortune Dynamic, Inc.*, No. CV 15-769 PSG (SSX), 2015 WL 12731929, at *9 (C.D. Cal. May 8, 2015) (granting motion to dismiss trade dress infringement and other claims where the complaint's "conclusory pleading [was] insufficient to state a claim for relief."). Plaintiff fails to explain how Mr. Asfour was "personally involved in or directed any of the allegedly infringing acts or was otherwise a 'guiding spirit' or 'central figure' in those acts." *19 Tao Vega LLC v. Holo Ltd.*, No. C 19-5640 SBA, 2019 WL 8263434, at *4 (N.D. Cal. Dec. 18, 2019) (quoting *Facebook*, 844 F.3d at 1069; *see also Partners for Health & Home, L.P. v. Seung Wee Yang*, No. CV 09-07849 RZ, 2011 WL 5387075, at *4 (C.D. Cal. Oct. 28, 2011) (stating that "[a]n individual who personally directs a corporation in committing

4

1  trademark infringement, or who personally commits those acts, is personally liable for that
2  infringement" and that "[t]his is particularly true when a single individual is the corporation's sole
3  shareholder, sole officer, and sole manager, *and* performs the infringing acts himself") (emphasis
4  added).
5        Here, Plaintiff has not adequately alleged specific facts regarding Mr. Asfour's direction
6  of, or participation in, the infringing conduct. Plaintiff's argument that Mr. Asfour's status as sole
7  corporate officer is sufficient to incur personal liability is not in line with the law in the Ninth
8  Circuit. Accordingly, the Court finds that the second and third *Eitel* factors weigh against granting
9  default judgment.

      **c.    The Sum of Money at Stake in the Action.**

      The fourth *Eitel* factor evaluates the sum of money at stake in the action. Default judgment may not be appropriate where a plaintiff requests a large damages award. *See, e.g., Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1102 (N.D. Cal. 2014). Here, the damages Plaintiff seeks are significant, but they are within the statutory range. Courts have discretion to grant awards between $1,000 and $200,0000 for each trademark infringement, or up to $2,000,000 for willful violations. 15 U.S.C. § 1117(c). However, the damages a plaintiff seeks must be "tailored to the specific misconduct" of each defendant. *Bd. of Trs. of the Sheet Metal Workers Health Care Plan of N. Cal. v. Superhall Mechanical, Inc.*, No. C-10-2212 EMC, 2011 WL 2600898, at *2 (N.D. Cal. June 30, 2011). "In determining the appropriate amount of statutory damages to award on default judgment, courts in this district have considered whether the amount of damages requested bears a plausible relationship to Plaintiff's actual damages." *Yelp*, 70 F.Supp. 3d at 1102.

      The damages sought here are not tied to any specific alleged misconduct by Mr. Asfour. Plaintiff's revised "Declaration as to Damages" states that the total sales for Stündenglass products in 2022 was approximately $10,800,000, and that "based on the industry knowledge of DECLARANT, if the market had not been impacted by the flood of inferior, mass-produced fake Stündenglass products, Plaintiff's 2022 sales would have been approximately $45,300,00.00." (Dkt. No. 26-2, Declaration as to Damages, ¶ 13.) Even if these alleged facts are taken at face value, Mr. Asfour should not be responsible for other trademark violations by other retailers

5

across the market. *See GS Holistic, LLC v. Puff N Go Gift Shop LLC*, No. 22-CV-07634-VKD, 2023 WL 4146232, at *5 (N.D. Cal. June 22, 2023), *report and recommendation adopted*, No. 22-CV-07634-EJD, 2023 WL 6933625 (N.D. Cal. Aug. 23, 2023) ("[GS Holistic] offers no persuasive argument or authority that defendants appropriately may be held accountable for the alleged trademark violations of other retailers in the marketplace.").

### d. The Likelihood of Dispute Over Material Facts.

The fifth *Eitel* factor evaluates the likelihood of a dispute between the parties regarding the material facts of the case. *Eitel*, 782 F.2d at 1471–72. Courts ask, among other things, whether the case turns on questions of law or questions of fact and whether there is any indication of a future dispute between the parties regarding material facts. *See, e.g., Elec. Frontier Found*, 290 F. Supp. 3d at 947. Here, it is unlikely that Mr. Asfour, even if he appeared, could contest the facts that the single product purchased by Plaintiff's investigator infringed Plaintiff's trademark. However, the allegations surrounding Mr. Asfour's individual liability are the type of facts which, if Mr. Asfour were to appear, could be contested. This factor is neutral.

### e. Indication of Excusable Neglect.

The sixth *Eitel* factor considers if the defendant's failure to respond is due to excusable neglect. *Eitel*, 782 F.2d at 1471-72. Here, Mr. Asfour appeared to be properly served via substitute service and there is nothing to suggest his failure to respond is based on excusable neglect. Mr. Asfour's failure to reply at all therefore weighs in favor of default judgment.

### f. The Policy Favoring Decisions on the Merits.

The seventh *Eitel* factor emphasizes the preference of the Federal Rules for deciding cases on their merits. Fed.R.Civ.P. 55(b); *see also Eitel*, 782 F.2d 1470, 1472 (holding that "cases should be decided on their merits whenever reasonably possible"). However, this preference is not dispositive when, for example, the other *Eitel* factors weigh in favor of default judgment. *See PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, however, only two of the other six *Eitel* factors weigh in favor of granting the motion: Mr. Asfour's lack of excusable neglect and the possibility of prejudice to Plaintiff. Crucially, Plaintiff has failed to demonstrate that *Eitel* factors two and three, concerning the merits of its substantive

1   claims and the sufficiency of the Complaint, weigh in favor of granting the motion. This factor
2   therefore weighs against default judgment.

### CONCLUSION

For the foregoing reasons, the Court DENIES, WITHOUT PREJUDICE, Plaintiff's Motion for Default Judgment against Defendant Izzat Asfour. Plaintiff may renew the motion as to Mr. Asfour within 30 days of this Order only if it can support that motion with specific facts supporting a conclusion that Mr. Asfour should be held individually liable for the actions of the corporate defendant.

**IT IS SO ORDERED**.

Dated: June 28, 2024

_____
JEFFREY S. WHITE
United States District Judge